IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY HERMAN,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>VILLAGE OF MAYWOOD, NEBRASKA; VILLAGE BOARD OF MAYWOOD, NEBRASKA;  HEALTH BOARD OF MAYWOOD, NEBRASKA; JERRY MULLEN, in his official capacities as Chairman of Village Board and Member of Health Board, and individually;<br><br>　　　　　　　　Defendants. | 8:14CV283<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the court on the defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), for insufficient service of process regarding defendant Jerry Mullen pursuant to Fed. R. Civ. P. 12(b)(5), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Filing No. 13.  Plaintiff brings this action under 42 U.S.C. § 1983 alleging that the defendants violated his First, Fifth, and Fourteenth Amendment rights when they declared his property a nuisance under the Village of Maywood's ordinances,  Maywood Ordinances §§ 4-301-305, specifically § 4-302(6)-(9).  Filing No. 1.  For the reasons stated below, this court grants the motion to dismiss without prejudice.

　　**I.　　BACKGROUND**

　　The plaintiff resides in the Village of Maywood.  Filing No. 1, at ECF p.4.  Fire damaged the plaintiff's property in February 2013.  Filing No. 1, at ECF p.5.  The plaintiff collects and stores material, such as scrapped steel, on his property, which he

sells.  *Id.*  The defendants in this case are the Village of Maywood, Nebraska; the Village Board of Maywood, Nebraska; and the Health Board of Maywood, Nebraska.  *Id.* The defendant Village of Maywood is a political subdivision of the State of Nebraska with authority to make ordinances and delegate authority for ordinance enforcement. [Filing No. 1, at ECF p.4](#).  The defendant Village Board has authority to enforce Maywood Ordinances as the "Governing Body", as well as conduct town meetings.  *Id.* The defendant Health Board has authority to determine when a property contains public nuisances or does not meet with the village health and sanitation codes.  *Id.*

On May 12, 2014, the plaintiff received a notice, from the Village of Maywood, to attend a Health Board meeting scheduled for May 13, 2014.  [Filing No. 1, at ECF p.5](#). The purpose of the meeting was to inspect the ongoing nuisance issues at the plaintiff's property.  [Filing No. 1, at ECF p.21](#).  On May 13, 2014, the Village of Maywood Health Board inspected the plaintiff's property and concluded that it was a public nuisance and did not meet with the Village health and sanitation codes for the following reasons: (1) small pieces of scrap iron, wire metal articles, broken glass, broken plaster, and abandoned material; (2) accumulations of barrels, lumber not neatly piled, scrap iron, tin or other material not neatly piled, old automobiles or parts thereof; (3) an abandoned or partially destroyed building or structure and a building or structure commenced and left unfinished; (4) all places used or maintained for the wrecking or dissembling of automobiles, trucks, tractors, machinery of any kind and the storing or leaving of worn-out, wrecked or abandoned trucks, tractors, or machinery of any kind or any of the parts thereof.  [Filing No. 1, at ECF p.22](#).

On May 21, 2014, the Village Board held an open meeting to allow members of the public to speak. Filing No. 1, at ECF p.6. The plaintiff spoke at the open meeting. *Id.* The plaintiff claims that defendant Mullen cut him off and did not allow him to present his prepared speech in its entirety. *Id.* The Health Board forwarded their findings to the Village Board, who declared the plaintiff's property a nuisance. Filing No. 1, at ECF p.23.

Pursuant to Maywood Ordinance, the plaintiff appealed. *Id.* The appeal hearing took place July 9, 2014, in front of defendant Village Board and the defendant Health Board. *Id.* At the appeal, an attorney [not his attorney for this action] represented the plaintiff. *Id.* On appeal, the Village Board determined that the plaintiff's property had improved, but that it still constituted a nuisance pursuant to the Maywood Village Ordinances. Filing No. 1, at ECF p.24. The defendant Village Board gave the plaintiff until August 9, 2014, to remedy the alleged public nuisances on his property and until September 9, 2014, to construct a roof and south wall on his fire-damaged residence. Filing No. 1, at ECF p.25.

On September 18, 2014, the plaintiff filed a complaint with the United States District Court for the District of Nebraska alleging five causes of action: (1) violation of the Fourteenth Amendment of the United States Constitution substantive due process, (2) violation of the Fourteenth Amendment of the United States Constitution procedural due process, (3) violation of the First Amendment of the United States Constitution, the Nebraska Open Meetings Act, and the Maywood Ordinances, (4) violation of the Fifth Amendment of the United States Constitution takings clause, and (5) tortious official

misconduct. Filing No. 1. The plaintiff seeks declaratory relief, damages, equitable relief, and attorney's fees and costs. *Id.*

In support of the defendants' motion to dismiss, the defendants assert the claims are not ripe because the plaintiff has not exhausted adequate and available state remedies prior to filing in federal court. Filing No. 14. Further, the defendants argue that the court lacks personal jurisdiction over the defendant Village Board and Village Health Board because they are not proper defendants to suit in a 42 U.S.C. § 1983 lawsuit. *Id.* The defendants also argue there is insufficient service of process specific to defendant, Jerry Mullen. *Id.* Finally, the defendants argue the plaintiff failed to state a claim upon which relief can be granted, regarding the plaintiff's First Amendment claim. *Id.*

## II. DISCUSSION

"Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003) (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–149 (1967)). "The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Social Services, Inc.*, 509 U.S. 43, 57 (1993). As such, federal courts are barred form considering the merits of a takings claim until a private

litigant exhausts state remedies. *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985).

In the defendants' motion to dismiss, they assert that the plaintiff's claims are not yet ripe because the plaintiff has not exhausted available state remedies. Filing No. 14. The plaintiff asserts that he should not be required to seek state remedies because his suits are predicated upon 42 U.S.C. § 1983, and there is no requirement that a plaintiff exhaust administrative remedies before bringing a § 1983 action. However, because the Fifth Amendment addresses takings without just compensation, no constitutional violation occurs until just compensation has been denied. *Williamson County Reg'l Planning Comm'n*, 473 U.S. at 195. Therefore, the nature of claims arising from Fifth Amendment takings require that a property owner utilize procedures for obtaining compensation before bringing a § 1983 action. *Id*. As such, this court finds that the plaintiff's claims are not ripe for federal adjudication, as set forth below.[1]

The court must evaluate two factors to determine if the takings claim is ripe: (1) whether the government entity charged with implementing the regulation has reached a final decision regarding the property at issue, and (2) whether the plaintiff utilized state remedies seeking just compensation for the taking. *Williamson County Reg'l Planning Comm'n*, 473 U.S. at 172. In this case, the plaintiff did not allege that he exhausted the appeals procedure available to him under the village ordinances. Filing No. 1. Accordingly, the Court will assume for purposes of this motion that they have not been

---

[1] Although the plaintiff asserts his § 1983 claims are not takings claims, the court finds all of the claims are so intertwined that they cannot be determined independently. Because this court finds that the plaintiff failed to exhaust his state remedies, it will not address any of the other issues presented by the parties.

exhausted. Further, the plaintiff failed to satisfy the second requirement and did not exhaust his state court remedies prior to filing in this court. *Id.*

In a case like this, it is not the Villages' alleged taking of property that would be the constitutional injury, but the failure to pay just compensation or provide an adequate postdeprivation remedy. *Willis Smith & Co. v. Arkansas*, 548 F.3d 638, 640 (8th Cir. 2008). "If a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson County Reg'l Planning Comm'n*, 473 U.S. at 195.

The State of Nebraska provides remedy through the Nebraska Constitution and the Nebraska Revised Statutes. *See Slusarski v. County of Platte*, 416 N.W.2d 213 (1987). Like the United States Constitution, under the Nebraska Constitution private property may not be taken without just compensation. Neb. CONST. art. I, § 21. Additionally, the language of the Nebraska constitutional provision is broader than the federal constitutional provision, for it compensates damage to property as well as the taking of it. *Maloley v. City of Lexington*, 536 N.W.2d 916 (1995). It is undisputed that the plaintiff has not sought his state remedy in this matter. Filing No. 1; Filing No. 14. "A federal court . . . cannot entertain a takings claim . . . unless or until the complaining landowner has been denied an adequate postdeprivation remedy." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 721 (1999). Because the plaintiff has not presented his demands for compensation to the State, and because it is not clear that he exhausted all of his appeals, his §1983 constitutional claims are not ripe for adjudication in federal court.

THEREFORE, IT IS ORDERED:

1. The defendants' motion to dismiss, Filing No. 13, is granted without prejudice. The plaintiff is free to refile this case following exhaustion of all of his local and state court remedies.

2. A separate Judgment will be entered in conjunction with this Memorandum and Order.

Dated this 22nd day of May, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge